UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO SANCHEZ,<br><br>    Petitioner,<br><br>v.<br><br>M. KNOWLES, et al.,<br><br>    Respondents. | No.  2:06-cv-2909-GEB-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was administratively stayed February 11, 2008, to allow petitioner the opportunity to exhaust five claims that were then pending in the Sacramento Superior Court, Case No. 06F06057.  ECF Nos. 16, 17.  Petitioner was directed to inform the court when he had exhausted his state court remedies.  *Id.*  On July 2, 2012, in response to petitioner's representation that "that the state court ha[d] not yet made a ruling regarding the dispositive claims," the court ordered petitioner to submit quarterly status reports describing the progress of his state court proceedings.  ECF No. 23.  Petitioner's last status report was filed almost one year ago, on January 22, 2013.  ECF No. 28.  Therefore, on January 30, 2014, the court ordered petitioner to show cause, within thirty days, why this action should not be dismissed for failure to prosecute.  ECF No. 29.

/////

1   The time for acting has passed and petitioner has not complied with or otherwise
2 responded to the court's order. Petitioner has disobeyed this court's orders and failed to
3 prosecute this action. It appears that petitioner has abandoned this case. The appropriate action is
4 dismissal without prejudice.
5   A district court must "weigh five factors to determine whether to dismiss a case for lack of
6 prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to
7 manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the
8 disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Eisen*,
9 31 F.3d 1447, 1451 (9th Cir. 1994); *accord, Southwest Marine Inc. v. Danzig*, 217 F.3d 1128,
10 1138 (9th Cir. 2000). Here, the first two *Ferdik* factors support dismissal, as it appears that the
11 court is devoting its limited judicial resources to this action despite petitioner's apparent intent to
12 abandon it. Moreover, petitioner's failure to comply with court orders and Local Rules delays the
13 progress of this litigation, likely causing prejudice to respondents. In addition, the court has
14 already warned plaintiff that his failure to file a status report could result in dismissal, and
15 monetary sanctions would be futile given plaintiff's indigent status. Having considered the
16 *Ferdik* factors, and in light of petitioner's failure to prosecute this action by filing status reports as
17 directed, the court finds that dismissal of this action is appropriate.
18   Furthermore, a party's failure to comply with any order or with the Local Rules "may be
19 grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or
20 within the inherent power of the Court." E.D. Cal. Local Rule 110. The court may recommend
21 that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order
22 or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did
23 not abuse discretion in dismissing pro se plaintiff's complaint for failing to obey an order to re-
24 file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856
25 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for pro se plaintiff's failure to comply with local
26 rule regarding notice of change of address affirmed).
27 /////
28 /////

2

Accordingly, it is hereby RECOMMENDED that this action be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b); E.D. Cal. Local Rule 110, 183(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: March 5, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE